# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL NEWHOUSE,

          **Plaintiff,**

      -vs-                            **Case No.    04-C-0654**

DR. JOHNSON, NURSE SYBIL,
JOHN DOE, CORRECTIONAL OFFICER, and
JOHN DOE SUPERVISING NURSE,

          **Defendants.**

_____

## DECISION AND ORDER

_____

        The plaintiff, Michael Newhouse, who is currently incarcerated at the Kenosha County Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On September 7, 2004, he was permitted to proceed *in forma pauperis* on his inadequate medical care claims.[1] The following motions are currently pending: (1) defendant Van Every's motion for summary judgment;[2] (2) defendant Doe's motion for summary judgment; (3) defendant Johnson's motion for summary judgment; (4) defendant Doe's motion to compel discovery; (5) defendant Johnson's motion to compel discovery; (6) defendant Doe's motion

---

[1]As noted in this court's order of September 7, 2004, it is unclear whether the plaintiff was a pre-trial detainee at the time of the events giving rise to his claims. However, a claim of inadequate medical care made by a pre-trial detainee is brought under the due process clause of the Fourteenth Amendment, and analyzed in the same manner as a prisoner's medical care claim arising under the Eighth Amendment. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000).

[2]Defendant "Nurse Sybil" has been identified as Sybil W. Van Every, R.N.

to amend the scheduling order; and (7) defendant Johnson's motion to amend the scheduling order. All motions will be addressed herein.

## A. Defendant Van Every's Motion for Summary Judgment

On April 25, 2005, defendant Van Every filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. The Local Rules provide:

## Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation

(a)     If a party is proceeding *pro se* in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

   (1)     The motion must include a short and plain statement that any factual assertion in the movant's affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

   (2)     In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

Civil L.R. 56.1(a) (E.D. Wis.).

Defendant Van Every's motion for summary judgment does not contain copies of the Federal or Local Rules. Based on the defendant's failure to comply with the Local Rules, her motion for summary judgment will be denied. However, the defendant is advised that she may renew her motion for summary judgment, without refiling it, by providing the plaintiff with the notice required in the Local Rules.

2

**B. Defendant Doe's Motion for Summary Judgment**

On May 4, 2005, defendant Doe filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Although the motion includes the text of Civil L.R. 56.2, it does not provide Civil L.R. 56.1, Civil L.R. 7.1, Fed.R.Civ. P. 56(e), or Fed.R.Civ.P. 56(f). Thus, defendant Doe's motion for summary judgment is denied. However, defendant Doe may renew the motion for summary judgment, without refiling it, by providing the plaintiff with the notice required in the Local Rules.

**C. Defendant Johnson's Motion for Summary Judgment**

On May 6, 2005, defendant Johnson filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. The motion includes the text of Fed.R.Civ.P. 56(e) and (f), Civil L.R. 7.1, and Civil L.R. 56.1. However, Civil L.R. 56.2 was omitted.[3] Civil L.R. 56.2 outlines summary judgment response procedures. In light of the foregoing, defendant Johnson's motion for summary judgment shall be denied. As noted, defendant Johson may renew his motion for summary judgment, without refiling it, by providing the plaintiff with the notice required in the Local Rules.

**D. Defendant Doe's Motion to Compel Discovery**

On April 6, 2005, defendant Doe filed a motion to compel discovery. In support of his proposition, defendant Doe asserts that the plaintiff has not responded to

---

[3]Defendant Johnson provides copies of Civil L.R. 7.1 and Civil L.R. 56.1 effective January 31, 2001. However, on April 3, 2003, the Local Rules were amended to require defendants to provide *pro se* plaintiffs the text of Civil L.R. 56.2.

3

discovery requests made upon him on February 8, February 14, March 28, and March 31, 2005.

Although Fed.R.Civ.P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ.L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed.R.Civ.P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

In this case, it appears that defendant Doe has attempted to confer with the plaintiff regarding the plaintiff's failure to respond to Doe's discovery requests. In particular, counsel for defendant Doe has sent the plaintiff at least two follow up letters requesting that the plaintiff respond to prior discovery requests, including interrogatories, requests for production of documents, and medical authorizations.

For his part, the plaintiff has not responded to defendant Doe's discovery requests, nor has he filed a response to Doe's motion to compel. Upon due consideration, the plaintiff will be permitted thirty days from the date of this order in which to file a response

4

to the defendant's motion to compel.  The plaintiff is hereby advised that he must file a response to the defendant's motion by **February 13, 2006.**  If he fails to file a response to the defendant's motion on or before **February 13, 2006**, this action may be dismissed pursuant to Fed.R.Civ.P. 41(b) and Civil L.R. 41.3, copies of which are enclosed.

**E. Defendant Johnson's Motion to Compel Discovery**

On April 8, 2005, defendant Johnson filed a motion to compel discovery. Specifically, Johnson contends that the plaintiff failed to respond to discovery requests made upon him on February 17, 2005.

Although defendant Johnson had served the plaintiff with his initial discovery requests, it does not appear that any additional attempts have been made to resolve this dispute.  While personal consultation may prove difficult in light of the plaintiff's incarceration, defendant Johnson may confer with the plaintiff via mail. As the defendant has not indicated that he has engaged in the required personal consultation, court action would be premature. Accordingly, defendant Johnson's motion to compel is denied.

**F. Defendant Doe's Motion to Amend the Scheduling Order**

On April 6, 2005, defendant Doe moved to amend this court's scheduling order of January 6, 2005.  Doe desires that the court set a new scheduling order "to allow for sufficient time for discovery in this matter."  (D.'s Motion at 1).  At this stage of the proceedings, it is not necessary to re-open discovery.  Defendant Doe has been given leave to file a renewed motion for summary judgment, and the plaintiff has been directed to

5

respond to Doe's motion to compel. Based on the foregoing, defendant Doe's motion to amend the scheduling order is denied.

**G. Defendant Johnson's Motion to Amend the Scheduling Order**

On April 8, 2005, defendant Johnson filed a motion to amend this court's scheduling order of January 6, 2005. As noted, it does not appear that additional discovery is needed at this time. In addition, the defendant may renew his motion for summary judgment. Thus, the defendant's motion to amend the scheduling order is denied.

## ORDER

**IT IS THEREFORE ORDERED** that defendant Van Every's motion for summary judgment (Docket # 31) is **denied**.

**IT IS FURTHER ORDERED** that defendant Doe's motion for summary judgment (Docket # 36) is **denied**.

**IT IS FURTHER ORDERED** that defendant Johnson's motion for summary judgment (Docket # 42) is **denied**.

**IT IS ALSO ORDERED** that defendant Johnson's motion to compel discovery (Docket # 28) is **denied.**

**IT IS ALSO ORDERED** that defendant Doe's motion to amend the scheduling order (Docket # 25) is **denied.**

**IT IS ALSO ORDERED** that defendant Johnson's motion to amend the scheduling order (Docket # 28) is **denied.**

6

**IT IS ORDERED** that the plaintiff file a response to defendant Doe's motion to compel (Docket # 25) on or before **February 13, 2006.** Failure to do so may result in dismissal of this action pursuant to Fed.R.Civ.P. 41(b) and Civil L.R. 41.3, copies of which are enclosed.

**IT IS ORDERED** that the Clerk of Court amend the docket to reflect that defendant Nurse Sybil has been identified as Sybil Van Every, R.N.

Dated at Milwaukee, Wisconsin, this18th day of January, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

**Civil L.R. 41.3 Dismissal for Lack of Diligence.**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b)Involuntary Dismissal: Effect Thereof.**

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.